```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

RICKIE M. WALLACE,            )
                              )
        Plaintiff,            )
                              )
v.                            )    Case No. CIV-15-068-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
        Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Rickie M. Wallace (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 11, 1960 and was 53 years old at the time of the ALJ's decision. Claimant completed her education through the sixth grade. Claimant has worked in the past as a housekeeping cleaner and short order cook. Claimant alleges an inability to work beginning March 28, 2011 due to limitations resulting from knee and lower extremity problems, hallucinations,

depression, anxiety, panic attacks, paranoia, and insomnia.

## Procedural History

On August 19, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was held on June 17, 2013 by video before Administrative Law Judge ("ALJ") Luke Liter with the ALJ presiding in Tulsa, Oklahoma and Claimant appearing in Muskogee, Oklahoma. On August 22, 2013, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review on January 14, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform medium work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) ignoring a large amount of probative medical evidence concerning Claimant's

4

mental impairments; and (2) reaching an RFC which is not supported by substantial evidence.

### Consideration of Claimant's Mental Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative joint disease of the left knee; obesity; chronic pain; and major depressive disorder. (Tr. 16). The ALJ concluded that Claimant retained the RFC to perform medium work. In so doing, the ALJ found Claimant could frequently lift/carry and push/pull 25 pounds and occasionally 50 pounds; could stand/walk for six hours in an eight hour workday; could sit six hours in an eight hour workday; could occasionally climb ramps ans stairs; should never climb ladders, ropes, or scaffolds; could occasionally kneel, crouch, and crawl; should not drive motorized vehicles; should avoid hazards such as unprotected heights and dangerous moving machinery; should have not public contact; could have only superficial contact with co-workers and supervisors; and was limited to simple tasks. (Tr. 18). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of hand packer, box bender, and industrial cleaner. (Tr. 24). As a result, the ALJ found Claimant was not disabled from March 28, 2011 through the date of the decision. Id.

Claimant contends the ALJ erred by failing to consider the totality of the medical evidence regarding her mental impairments. The ALJ acknowledged that Claimant was seen at Green Country Behavioral Health Services, Inc. on April 10, 2012, reporting that she was afraid of going outside and felt people were out to get her. Claimant also reported hearing whispering all of the time along with depression, lack of appetite, insomnia, loss of interest, and lack of motivation. Claimant was diagnosed with major depressive disorder, recurrent, severe with psychotic features. (Tr. 20, 312-22). In an appointment on July 23, 2012, Claimant reported not doing well, being depressed, staying in her house, not wanting to be around people, panic attacks, and hearing constant whispering. Id.

The ALJ also found that Claimant was given Zoloft on August 20, 2012 and "reported the Zoloft had been helping and she was more motivated and sleeping better." Id. The assessment in the record actually reflects

> States the zoloft is helping some. States she is more motivated and getting out of bed. Still not leaving the house. Depression still the same. Sleeping better. States she is still hearing things constantly. No change in this. Appetite ok. No si or hi. Denies eps or lactation.
>
> (Tr. 309).

On December 12, 2012, Claimant reported that she was "doing

6

OK", that the whispering was getting better, but that the voices are constant. Her mood was OK with some anxiety and some panic attacks. She was sleeping poorly. (Tr. 292).

on February 18, 2013, Claimant stated again that she was "doing OK." However, she was only sleeping a couple of hours. She continued hearing voices all of the time, stating that they were mumbling and whispering. Her mood was alright and her depression was better. (Tr. 287).

In an evaluation on March 29, 2013, Claimant reported that she was experiencing nightmares of someone chasing her, whispers in her head, and seeing things out of the corner of her eye. She was diagnosed with paranoia, audio visual hallucinations, excessive nightmares, and disturbed sleep and eating habits. Her GAF was estimated at 49. (Tr. 275-77).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. <u>Id</u>. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d

1205, 1208 (10th Cir. 2007). The ALJ selected those portions of the record which reflected improvement in Claimant's mental condition which effectively ignoring the evidence supporting further continuing limitations upon Claimant's mental impairments. For example, in a particular entry in the record, the ALJ cites to the portion which reflects that the medication is working but fails to reconcile the statements in the same entry that Claimant experiences hallucinations and cannot sleep due to nightmares. (Tr. 20, 275-77). On remand, the ALJ will be required to consider the longitudinal record with regard to Claimant's mental impairments – both the improvement in her condition as well as the continuing issues which undoubtedly affect her ability to engage in basic work activities such as hallucinations and a lack of sleep.

### RFC Determination

Claimant contends the RFC assessment performed by the ALJ is flawed since it did not properly take into consideration her continuing mental impairments. This Court has determined that the ALJ's evaluation of the evidence supporting the continued effects of Claimant's mental impairments was not adequate. As a result, the ALJ shall also reassess his RFC findings upon further consideration of the evidence which supports limitations arising from Claimant's mental impairments.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 30th day of October, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE